Michael George KOGIANES,
Petitioner–Appellant,

v.

Mel THOMAS, Warden, Respondent–
Appellee.

No. 05–15153.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 9, 2006.*

Filed May 19, 2006.

Opinion, 164 Fed.Appx. 576, amended and
superseded on denial of rehearing.

David Taylor Shannon, Federal Public
Defender's Office, Tucson, AZ, for Peti-
tioner–Appellant.

Jon G. Anderson, Office of the Arizona
Attorney General, Phoenix, AZ, for Re-
spondent–Appellee.

Before NOONAN, TASHIMA, and W.
FLETCHER, Circuit Judges.

## ORDER

The attached Amended Memorandum
will replace this court's Memorandum filed
on January 20, 2006.

With the filing of this new disposition,
appellant's petition for panel rehearing,
filed January 30, 2006, is hereby DE-
NIED.

## AMENDED MEMORANDUM**

Michael Kogianes appeals from the dis-
trict court's denial of his 28 U.S.C. § 2254
petition for a writ of habeas corpus. Kogi-
anes alleges that during his trial for first
degree murder, his trial counsel was inef-
fective for failing to request an instruction
for lesser-included offenses and for relying
solely upon an insanity defense. We have
jurisdiction pursuant to 28 U.S.C. §§ 1291
and 2253. We affirm the decision of the
district court.

At trial, Kogianes' counsel presented the
jury with the options of finding Kogianes

---

* The panel unanimously finds this case suitable
for decision without oral argument. *See* Fed.
R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as provided by
9th Cir. R. 36–3.

guilty of first degree murder or not guilty by reason of insanity. Counsel did not request that the jury be instructed on second degree murder or involuntary manslaughter. On February 9, 1994, the jury convicted Kogianes of two counts of first degree murder.

We review de novo the district court's decision to grant or deny a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Luna v. Cambra*, 306 F.3d 954, 959 (9th Cir.2002), *as amended* 311 F.3d 928 (9th Cir.2002). Under the Antiterrorism and Effective Death Penalty Act OF 1996 ("AEDPA"), we may grant habeas relief only if the state court's decision was contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court. 28 U.S.C. § 2254; *Williams v. Taylor*, 529 U.S. 362, 407–09, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

In *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court held that in order to prevail on an ineffective assistance of counsel claim, a petitioner must show both that (1) counsel's performance fell below an objective standard of reasonableness and (2) that the petitioner suffered prejudice as a result of counsel's performance.

Under *Strickland*'s first prong, we have stated that "[t]here is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance which, under the circumstances, might be considered sound trial strategy." *United States v. Span*, 75 F.3d 1383, 1387 (9th Cir.1996).

For several reasons, we conclude that Kogianes' counsel employed a legitimate trial strategy in putting an all-or-nothing

choice to the jury and that this strategy did not constitute ineffective assistance of counsel. First, the evidence that would have supported a lesser-included instruction was in tension with Kogianes' defense of insanity, and it was not unreasonable for counsel to have chosen to place an emphasis on the evidence supporting insanity rather than second degree murder or manslaughter. *See State v. Murray*, 184 Ariz. 9, 906 P.2d 542, 567 (1995); *State v. Celaya*, 135 Ariz. 248, 660 P.2d 849, 853 (1985). Second, even if Kogianes had been convicted of two lesser offenses, he might well have been given an effective life sentence, or something close to it, given his age at the time of the crime.

Because we conclude that Kogianes has not met the first prong of *Strickland*, we need not inquire into whether the actions of Kogianes' counsel resulted in prejudice.

**AFFIRMED.**